PIEKARSKI & BRELSFORD, P.C.
2633 E Indian School Rd., Ste. 460
Phoenix AZ 85016
Phone: (602) 956-1161
Fax: (602) 258-7780
Christopher J. Piekarski, AB# 019251
Nathan J. Brelsford, AB# 024853
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **AUBREY PRYOR**, a married woman,<br><br>Plaintiff,<br><br>vs.<br><br>**PETSMART Inc**, a Delaware for-profit corporation licensed to do business in the State of Arizona<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>(Demand for Jury Trial) |

Plaintiff Aubrey Pryor, by and through counsel, for her Complaint against Defendant(s) alleges:

**I.**

**<u>JURISDICTION AND VENUE</u>**

1. Plaintiff Aubrey Pryor filed a charge of disability discrimination against the Defendant PETSMART, with the Equal Employment Opportunity Commission (hereinafter "EEOC") on or about February 8, 2019.

2. The EEOC has not issued a Notice of Right to Sue Letter to Plaintiff Pryor.

3. Plaintiff has complied fully with all prerequisites for jurisdiction in this Court under the ADA.

4. Count One of this action is being brought to remedy discrimination on the basis of disability in the terms, conditions and privileges of employment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12112 *et seq*.

5. Jurisdiction of this Court is proper under 28 U.S.C. §1331 as this matter involves a federal question.

6. As the unlawful employment practices complained of occurred within Maricopa County, venue is proper in this District Court.

**II.**

**THE PARTIES**

7. Plaintiff Aubrey Pryor is an unmarried, 28 year-old woman who resides in Maricopa County, Arizona, and is a disabled person as defined by the ADA.

8. Defendant PETSMART is a Delaware based corporation licensed to do business in the State of Arizona and operates extensively in the State of Arizona.

9. At all times relevant, Petsmart has continuously been an employer engaged in an industry affecting commerce and is a covered employer for purposes of the ADA, 41 U.S.C . § 12111(5).

## III.

## STATEMENT OF CLAIM

10. The Plaintiff was originally hired by Petsmart as a Customer Service Representative on or about May 5, 2014.

11. The Plaintiff worked full-time as a Customer Service Representative and she was paid $16.00 per hour.

12. On January 25, 2018, the Plaintiff was involved in a motor vehicle accident in which she suffered significant injuries.

13. Due to the severity of her injuries, the Plaintiff was placed on medical leave following the accident.

14. The Plaintiff was not medically cleared to return to work until July of 2018.

15. When the Plaintiff received medical clearance from her doctors to return to work, she was still receiving medical care for injuries sustained to her back, neck and spine.

16. The Plaintiff's doctors placed several restrictions upon her return to work. The restrictions cited by her doctors included granting the Plaintiff a ten-minute break every hour and a "stand up" desk to avoid sitting for prolonged periods.

17. The Plaintiff provided all appropriate documentation to the Human Resources Department regarding the nature of her injuries and her need for accommodations that were outlined by her doctors.

18. The Plaintiff was advised by the Human Resources Department that she could return to work on July 15, 2018 and that the requests for accommodations that her doctors had previously outlined were being processed.

19. The Plaintiff returned to work on or about July 15, 2018. The Defendant granted the Plaintiff a ten-minute break every hour but they failed to provide the Plaintiff with a "stand up" desk which was explicitly noted by the Plaintiff's doctors as a necessary prerequisite to her returning to work.

20. The Plaintiff made multiple inquiries to the Human Resources Department about the status of her "stand up" desk but was never provided with a clear answer as to why it had not been provided to her.

21. On July 23, 2018, the Plaintiff emerged from her desk after she had been sitting for a prolonged period. She immediately experienced numbness and the loss of sensation in her legs.

22. The Plaintiff subsequently fell and suffered significant injuries as well as the reaggravation of her existing injuries.

## COUNT 1

## VIOLATION OF THE ADA

23. Plaintiff hereby incorporates all prior paragraphs as if fully alleged herein.

24. Plaintiff was a disabled person within the meaning of the ADA.

25. Plaintiff was discriminated against due to her disability and/or Defendant's belief, or perception that Plaintiff suffered from a disability; and/or that her disability or perceived condition would require further time off from work and further expense for Defendant.

26. Plaintiff was discriminated against by Defendant even though she could successfully perform her job duties with a reasonable accommodation as had been contemplated and described by her doctors.

27. Defendant discriminated against Plaintiff in furtherance of a discriminatory practice or policy that tends to target those with disabilities or those perceived as being disabled.

28. The Defendant, through its employees at the human resource department, failed to provide the Plaintiff's request for a reasonable accommodation, and failed to take any action to protect the Plaintiff from the conduct of her supervisors.

29. Defendant's discriminatory conduct violated the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq.*

30. As a direct and proximate result of the Defendant's conduct, Plaintiff has sustained and continues to sustain damages in the form of lost wages and value of benefits.

31. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain damages in the form of emotional distress, humiliation, and loss of self-esteem.

32. The actions/ inactions of the Defendant demonstrated a reckless indifference to the federally protected rights of the Plaintiff.

33. As a result, punitive damages are justified pursuant to the Americans with Disabilities Act of 1991 as amended, 42 U.S.C. § 1981and § 1983 *et. seq.*.

**WHEREFORE**, Plaintiff Aubrey Pryor requests that the Court enter Judgment against the Defendant as follows:

1. Special damages to be proven at trial;
2. General and compensatory damages to be proven at trial up to the statutory limits, including but not limited to emotional distress damage, but not limited to emotional distress damage, humiliation, embarrassment, and/or loss of self-esteem;
3. Punitive or exemplary damages up to the statutory limits;
4. Attorney's fees;
5. Costs of suit; and
6. For such other relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

DATED this 22nd day of July, 2020.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

DATED this 22nd day of July, 2020.

PIEKARSKI & BRELSFORD, P.C.

/s/ Christopher J. Piekarski

Christopher J. Piekarski, AB# 019251
Nathan J. Brelsford, AB# 024853
2633 E Indian School Rd., Ste. 460
Phoenix AZ 85016
Attorneys for Plaintiff Pryor